**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA, Plaintiff, v. ROBERT KIRSCH and KAREN MISHER, Parents of A.K., a Minor, Defendants. | Civil Action No. 14-4910 |
| SCHOOL DISTRICT OF PHILADELPHIA, Plaintiff, v. ROBERT KIRSCH and KAREN MISHER, Parents of N.K., a Minor, Defendants. | Civil Action No. 14-4911 |

**DEFENDANTS' MOTION TO ENFORCE AND
FOR PRELIMINARY INJUNCTION PURSUANT TO 20 U.S.C. § 1415(j)**

For the reasons articulated in the accompanying Memorandum of Law (incorporated fully herein by reference), defendants Robert Kirsch and Karen Misher hereby move for a "stay put" preliminary injunction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j) enforcing this Court's order entering judgment in the amount of $227,788.68 (ECF No. 47) and requiring immediate reimbursement of basic tuition costs paid for the 2016-2017 school year and timely remittance of basic tuition payments in the future.

Respectfully submitted,
REISMAN CAROLLA GRAN LLP

Date: October 6, 2016

s/ *Catherine Merino Reisman*
Catherine Merino Reisman
PA I.D. No. 57473
Judith A. Gran
PA I.D. No. 40134
19 Chestnut Street
Haddonfield, New Jersey 08033
catherine@rcglawoffices.com
856.354.0021 tel 856.873.5640 fax
Attorneys for Defendants
Robert Kirsch and Karen Misher
Parents of A.K. and N.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA,<br>          Plaintiff,<br><br>v.<br><br>ROBERT KIRSCH and KAREN MISHER,<br>Parents of A.K., a Minor,<br>                              Defendants. | Civil Action<br><br>No. 14-4910 |
| SCHOOL DISTRICT OF PHILADELPHIA,<br>                              Plaintiff,<br><br>v.<br><br>ROBERT KIRSCH and KAREN MISHER,<br>Parents of N.K., a Minor,<br>                              Defendants. | Civil Action<br><br>No. 14-4911 |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ENFORCE AND FOR
PRELIMINARY INJUNCTION PURSUANT TO 20 U.S.C. § 1415(j)


I.   INTRODUCTION AND STATEMENT OF FACTS

Defendants Robert Kirsch and Karen Misher ("Parents") hereby submit this Memorandum of

Law in support of the Motion to Enforce and for Preliminary Injunction Pursuant to 20 U.S.C. § 1415(j)

filed today. The School District of Philadelphia ("District" or "SDP") commenced these cases in the

Commonwealth Court of Pennsylvania defendants removed them to this Court. The District appealed

parallel decisions of a Pennsylvania Special Education Hearing Officer on July 2, 2014 (ODR Docket No.

14361-13-14-KE) and July 3, 2014 (ODR Docket No. 14362-13-14-KE) in administrative proceedings

involving twin boys with autism. The Hearing Officer held that the District had failed to offer a free,

appropriate public education ("FAPE") to either child from the beginning of the 2013-14 school year until

December 9, 2013, when the District offered an IEP that the Hearing Officer found appropriate. After

removal to this Court, defendants filed counterclaims for additional relief and for attorney fees and costs

On November 30, 2015, the Honorable Thomas N. O'Neill, Jr. issued an Opinion and Order on all pending motions in these two consolidated matters.[1] In relevant part, the Court affirmed the Hearing Officer's decision that SDP failed to offer a FAPE at the beginning of the 2013-2014 school year, requiring reimbursement to the Parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from September 2013 to December 2013. The Court further ordered that, pursuant to 20 U.S.C. § 1415(j), because SDP appealed this action and defendants counter-claimed, the District is obligated to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from December 2013 through the exhaustion of all appeals from the decisions of the Hearing Officer.

The Court ordered counsel for the parties within thirty (30) days from the date of its Order to confer and reach a stipulation with respect to:  A proposed form of judgment consistent with the Order and the accompanying memorandum of law and the amounts due under the Order.
When the parties could not agree on a proposed form of judgment, defendants filed a motion for entry of judgment. ECF No. 33 in Civ. A. 14-4910. On January 20, 2016, the Court referred the motion to the Honorable Carol Sandra Moore Wells for disposition. ECF No. 35 in Civ. A. 14- 4910. On March 7, 2016, the parties presented evidence in support of their requests for judgment. They presented Proposed Findings of Fact and Conclusions of Law on April 4, 2016. On April 21, 2016, the Magistrate Judge issued her Report and Recommendations, ECF No. 42, recommending that:

1.  Defendants' Motion for Entry of Judgment (ECF No. 33) be granted;

2.  Judgment be entered for defendants in the amount of $227,788.68; and

3.  Defendants repay Allen and Patricia Misher $110,000.00 out of the judgment awarded to them.

---

[1] The Court decided the motions of the District for judgment on the administrative record and on Parents' counterclaims, ECF No. 21 in Civ. A. 14-4910 and ECF No. 20 in Civ. A. 14-4911; the Parents' cross-motions for judgment on the administrative record, ECF No. 22 in Civ. A. 14-4910 and ECF No. 18 in Civ. A. 14-4911; the motions by the District to dismiss Parents' counterclaims or, in the alternative, for summary judgment, ECF No. 20 in Civ. A. 14-4910 and ECF No. 19 in Civ. A. 14-4911; and Parents' motion for leave to amend their counterclaims, ECF No. 27 in Civ. A. 14-4910.

On April 29, 2016, the District filed Objections to the Report and Recommendations. ECF No. 43. On June 1, 2016, the Court adopted the Report and Recommendations and denied the School District's objections. The Court entered judgment in the amount of $227,788.68 for the defendants. ECF No.47. This amount represented the "basic tuition" (the term used by the Hearing Officer) for A.K. and N.K. at A Step Up Academy for the 2013-14, 2014-15 and 2015- 16 school years and accompanying extended school year services.[2]

On June 28, 2016, the District filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit from the judgment and Order. ECF No. 50.[3] On June 30, 2016, the District filed Motion to Stay Execution Pending Appeal. ECF 52. Defendants opposed the motion, and the Court has not yet ruled on the Motion to Stay.

## II.     ARGUMENT

IDEA provides that:

> during the pendency of any [appeal] proceedings, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed. 20 U.S.C. § 1415(j).

This "stay put" or "pendent placement" provision functions as an automatic preliminary injunction. *Sch. Dist. of Phila. v. Kirsch*, Nos. 14-cv-4910, 14-cv-4911, 2015 U.S. Dist. LEXIS 160471, at *55 (E.D. Pa. Nov. 30, 2015) (citing *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 856, 864 (3d Cir. 1996) and *D.M. v. New Jersey Dep't of Educ.*, No. 14-4620 ES, 2014 U.S. Dist. LEXIS 119876 (D.N.J. Aug. 28, 2014)).

In November 2015, this Court held that the Hearing Officer's decision in this case rendered ASUA the children's stay put placement, and required SDP "to fund the twins' education at ASUA for

---

[2] Defendants note that the Hearing Officer's definition of "basic tuition" at A Step Up Academy did not include all the services that were necessary for the children to receive a free, appropriate public education and that even the District acknowledged that the children needed in the IEPs the Hearing Officer found appropriate, such as the support of an individual aide. Defendants seek to enforce the judgment, without waiving their right to appeal the limitation on reimbursement to "basic tuition" as defined by the Hearing Officer.

[3] Defendants cross-appealed the Judgment and Order. ECF No. 53.

3

the entirety of the 2013-14 school year even though the Hearing Officer also found that the District

offered the twins a FAPE in December 2013." *Id.* at*58-*59. In addition, pursuant to 20 U.S.C. § 1415(j),

"the District is also obligated to reimburse parents for the basic costs of A.K. and N.K.'s tuition and

transportation at A Step Up Academy" from December 2013 through the exhaustion of all appeals from

the decisions of the Hearing Officer." *Id.* at *76-*77.

This is a straightforward application of an unambiguous holding in *M.R. v. Ridley Sch. Dist.*, 744

F.3d 112, 118 (3d Cir. 2014). *Ridley* held that when an administrative hearing officer agrees with the

parents that the school district failed to offer a FAPE and orders reimbursement, that student's "operative

placement switche[s] by law to the" private school. *Id.* at 125. The appellate court's ruling could not be

more clear:

> Nothing in the statute or this circuit's law provides a basis for changing E.R.'s stay-put placement back to the public school during the pendency of the dispute process, notwithstanding the school district's successful appeal of the administrative decision. To the contrary, § 1415(j) states that the child shall remain in the current educational placement "until *all* [IDEA] proceedings  have been completed" (emphasis added). We cannot conclude that Congress intended a placement based on an agreement with "the State or local educational agency" to be less secure than one based on an IEP. *Id*. Indeed, any other conclusion would be at odds with our expressly stated understanding that the stay-put provision is designed to ensure educational stability for children with disabilities until the dispute over their placement is resolved, "'*regardless of whether their case is meritorious or not*.'" *Drinker*, 78 F.3d at 864

*M.R.*,744 F.3d at 124-25 (citations omitted); *cf. Sheils v. Pennsbury Sch. Dist.*, 590 F. App'x 159, 162 (3d

Cir. 2014) (remanding to district court for compliance with Fed. R. Civ. P. 52 in denying request for §

1415(j) injunction).

"Finally, the district's financial obligations with respect to the pendent placement are immediate

and may not be deferred until the close of litigation. These requirements are distilled from the

unambiguous language of the IDEA, the Act's legislative history, and the case law interpreting the Act."

*Susquenita Sch. Dist. v. Raelee*, 96 F.3d 78, 87 (3d Cir. 1996).

From September 2013 through August 2016, the "basic tuition" due pursuant to 20 U.S.C. §

1415(j) is $227,788.68. ASUA's 2016-2017 "basic tuition" for A.K. is $45,000. "Basic tuition" for 2016-

2017 for N.K. is the same. *See* Exhibit 1, Declaration of Robert Kirsch at ¶ 3. To preserve the children's

4

placement for the coming school year, ASUA requires an annual, irrevocable contract for both twins. ASUA does not prorate tuition. Parents must pay in full for the entire school year. *Id.* at ¶ 4. The twins' grandparents have paid $38,300 on behalf of each child for the 2016-2017 school year. The next installment - $39,300 for each boy – is due on January 1, 2017. Of that amount, $13,400 is attributable to "basic tuition." *Id.* at ¶ 7, 8.

Controlling legal precedent requires that the District immediately assume the obligations – including reimbursement obligations awarded as equitable relief – attendant to provision of a FAPE to A.K. and N.K. The amount due for reimbursement is:

| September 2013 – August 2016 | 227,788.68 |
|---|---|
| 2016-2017 school year | 76600.00 |
| **TOTAL** | 304,388.68 |

The total additional amount due to A Step Up Academy prior to January 1, 2017 for both children is $78,600. In addition to reimbursement as outlined above, defendants seek an Order requiring timely payment of $13,400 of that amount to the private school (which completes the total amount of $90,000 for "basic tuition" for both children).

## III.    CONCLUSION

Based upon the foregoing, defendants respectfully submit that they are entitled to a Preliminary Injunction enforcing this Court's judgment of $227,788.68 plus reimbursement for amounts paid subsequent to entry of judgment. In addition to reimbursement of $304,388.68, defendants are entitled to an injunction requiring payment of the balance due of "basic tuition" to ASUA ($13,400) for the 2016-2017 school year for both A.K. and N.K.

Respectfully submitted,
REISMAN CAROLLA GRAN LLP

Date: October 6, 2016

s/ *Catherine Merino Reisman*
Catherine Merino Reisman
PA I.D. No. 57473
Judith A. Gran
PA I.D. No. 40134
19 Chestnut Street
Haddonfield, New Jersey 08033
catherine@rcglawoffices.com
856.354.0021 tel  856.873.5640 fax

Attorneys for Defendants
Robert Kirsch and Karen Misher
Parents of A.K. and N.K.

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA,<br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT KIRSCH and KAREN MISHER,<br>Parents of A.K., a Minor,<br>　　　　　　　　Defendants. | Civil Action<br><br>No. 14-4910 |
| SCHOOL DISTRICT OF PHILADELPHIA,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT KIRSCH and KAREN MISHER,<br>Parents of N.K., a Minor,<br>　　　　　　　　Defendants. | Civil Action<br><br>No. 14-4911 |

I, Catherine Merino Reisman, hereby certify that on this date I electronically filed the foregoing Motion to Enforce and for Preliminary Injunction Pursuant to 20 U.S.C. § 1415(j) and accompanying Memorandum of Law and Declaration, which is available for viewing and downloading from the ECF system and served a copy by e-mail on

Miles H. Shore, Esquire
School District of Philadelphia
Office of General Counsel
440 North Broad Street
Philadelphia, Pennsylvania 19130
mhshore@philasd.org

Dated: October 6, 2016
　　　　　　　　　　　　　　　　*/s/ Catherine Merino Reisman*
　　　　　　　　　　　　　　　　Catherine Merino Reisman
　　　　　　　　　　　　　　　Attorney for Plaintiffs