## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA, | |
|                Plaintiff, | Civil Action |
| v. | No. 14-4910 |
| ROBERT KIRSCH and KAREN MISHER, Parents of A.K., a Minor, | |
|                Defendants. | |
| SCHOOL DISTRICT OF PHILADELPHIA, | |
|                Plaintiff, | Civil Action |
| v. | No. 14-4911 |
| ROBERT KIRSCH and KAREN MISHER, Parents of N.K., a Minor, | |
|                Defendants. | |

## PRELIMINARY INJUNCTION

AND NOW, this          day of                    , 2016, upon consideration of the

Motion to Enforce and for Preliminary Injunction Pursuant to 20 U.S.C. § 1415(j) and

response thereto, the Court makes the following Findings of Fact and Conclusions of

Law:

### FINDINGS OF FACT

1.  A.K. and N.K. are students entitled to special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*

2.  The School District of Philadelphia ("District" or "SDP") is the local educational agency within the meaning of 20 U.S.C. § 1401(15), 22 Pa. Code 14.102(a)(2)(vii) responsible for the provision of a free and appropriate public education ("FAPE") to A.K. and N.K.

3. On November 30, 2015, this Court issued an Opinion and Order on all pending motions in these two consolidated matters. In relevant part, this Court held that the District failed to offer a FAPE to A.K. and N.K. as of September 2013, requiring reimbursement of "basic tuition" for their placement at A Step Up Academy.

4. The Court further ordered that pursuant to 20 U.S.C. § 1415(j), because SDP appealed this action and defendants counterclaimed, the District is obligated to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from December 2013 through the exhaustion of all appeals from the decisions of the Hearing Officer.

5. On June 1, 2016, this Court entered judgment in favor of defendants in the amount of $227,788.68 as reimbursement for base tuition costs through extended school year 2016. ECF No. 46, 47.

6. "Basic tuition," as defined by the Hearing Officer and adopted by this Court, for the 2016-2017 school year is $45,000 per child. On behalf of A.K. and N.K., their grandparents Alan and Karen Misher remitted $76,600 to A Step Up Academy for the first installment of tuition for the 2016-2017 school year.

7. The balance of basic tuition for this school year - $13,400 – is due on or before January 1, 2017.

CONCLUSIONS OF LAW

1. By virtue of the Hearing Officer's decisions in this matter, A Step Up Academy is the stay put placement, as defined by 20 U.S.C. § 1415(j), for A.K. and N.K.

2.   Because 20 U.S.C. § 1415(j) operates as an automatic preliminary injunction, defendants are entitled to an Order enforcing the District's obligation to continue funding A.K.'s and N.K.'s placement at A Step Up Academy without meeting the usual prerequisites for injunctive relief. *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 118 (3d Cir. 2014), *cert denied*, 135 S. Ct. 2309 (2015).

Accordingly, IT IS ORDERED that defendants' motion for a preliminary injunction is GRANTED and plaintiff School District of Philadelphia must, within five days of the date of this Order, remit $ 304,388.68 to defendants (for tuition from September 2013 through August 2016 and for the first installment of 2016-2017 tuition); and, on or before January 1, 2017, remit $ 13,400.00 to A Step Up Academy. Defendants shall repay to Alan and Patricia Misher $186,600 after receiving reimbursement from the District.

IT IS FURTHER ORDERED that the School District of Philadelphia must continue to make timely tuition payments (on or before the date tuition is due) during the pendency of all appeals in this matter. Should the School District of Philadelphia violate the terms of this injunction, and defendants must seek relief in this Court, the Court will make defendants whole by awarding them attorney's fees incurred in enforcing this injunction. *See Robin Woods, Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994).

_____

O'Neill, J.