IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHOOL DISTRICT OF PHILADELPHIA | : : : | CIVIL ACTION NO. 14-4910 |
| v. | : : | |
| ROBERT KIRSCH and KAREN MISHER, Parents of A.K., a minor | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : : : | CIVIL ACTION NO. 14-4911 |
| v. | : : | |
| ROBERT KIRSCH and KAREN MISHER, Parents of N.K., a minor | : | |

O'NEILL, J.                                                           October 6, 2016

## MEMORANDUM

Now before me in these consolidated civil actions[1] are motions by plaintiff the School District of Philadelphia to stay execution pending appeal, Civ. A. 14-4910, Dkt. No. 52 and Civ. A. 14-4911, Dkt. No. 40, and the responses thereto of defendants Robert Kirsch and Karen Misher, parents of A.K. and N.K. Civ. A. 14-4910, Dkt. No. 55 and Civ. A. 14-4911, Dkt. No. 43. For the reasons that follow, the District's motions will be denied.

## BACKGROUND

A.K. and N.K. are twin minors with autism. These actions arise out of a Pennsylvania Special Education Due Process Hearing Officer's July 2014 decisions regarding their educational placements. On November 30, 2015, the Court affirmed the Hearing Officer's decisions and granted in part and denied in part the parties' cross motions for judgment on the administrative

---

[1] Because of parallels between the documents filed in Civ. A. 14-4910 and Civ. A. 14-4911, citations to docket entries in this Opinion will be to documents docketed in Civ. A. No. 14-4910 unless otherwise noted.

record.  Dkt. Nos. 29, 30.  The District's motion was granted insofar as it sought to affirm the Hearing Officer's decisions that the District offered A.K. and N.K. a "free appropriate public education," or FAPE, under the Individuals with Disabilities Education Act (IDEA) in December 2013.  20 U.S.C. § 1400(d)(1)(A).  See Dkt. No. 30.  The District's motion was denied insofar as it sought to reverse the Hearing Officer's decisions that the District was obligated to reimburse parents for the basic costs of tuition and transportation at the private school for A.K. and N.K. from September 2013 through December 2013.  Id.  Parents' motion was granted insofar as parents sought to affirm the Hearing Officer's decisions that the District denied A.K. and N.K. a FAPE from the start of the 2013-14 school year through December 2013 and insofar as parents sought to affirm the Hearing Officer's decisions that A Step Up Academy (ASUA) was an appropriate private placement for A.K. and N.K.  Id.  Parents' motion was denied insofar as they sought to reverse the Hearing Officer's decisions that the District offered A.K. and N.K. a FAPE in December 2013.  Id.

Additionally, the District's motion to dismiss parent's counterclaims or, in the alternative, for summary judgment was granted both to the extent that the District sought judgment in its favor with respect to parents' claim that the District denied A.K. and N.K. a FAPE with its offered 2014-15 individualized education plans (IEPs) and to the extent that the District sought judgment in its favor with respect to parents' counterclaims under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.  Id.

Importantly for purposes of this decision, I explained that "under the stay-put provision" of IDEA, 20 U.S.C. § 1415(j), "the District is obligated to fund the twins' education at ASUA for the entirety of the 2013-14 school year even though the Hearing Officer also found that the District offered the twins a FAPE in December 2013."  Dkt. No. 22 at ECF p. 37.  I also found

that "as with the 2013-14 school year, under IDEA's stay put provision . . . parents are entitled to tuition reimbursement for the 2014-15 school year even if the IEPs offered by the District for 2014-15 provided the twins with a FAPE." Id. at ECF p. 41. Finally, "I agree[d] with parents that IDEA's stay put provision obligates the District to continue to reimburse parents for the twins' tuition until their claims with respect to the 2013-14 and 2014-15 school years are resolved." Id. at ECF p. 45. Accordingly, the District was ordered "to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from September 2013 to December 2013" and "to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from December 2013 *through the exhaustion of all appeals* from the decisions of the Hearing Officer." Dkt. No. 30 (emphasis added).

The Court directed the parties to confer and reach a stipulation with respect to the amounts due to parents, id., but they were unable to do so. Thereafter, I referred the parties' motions with respect to the form and amount of a judgment to be entered, Dkt. No. 32, Dkt. No. 33, to Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. Dkt. No. 34. Citing the stay-put provision, Judge Wells made the following findings of fact with respect to the amounts of basic tuition due for each child: (1) $35,000.00 for the 2013-14 school year; (2) $7,250.00 for the 2014 extended school year (ESY); (3) $35,000.00 during the 2014-15 school year; (4) $7,650.00 for ESY 2015; (5) $40,000.00 to cover the 2015-16 school year; and (6) $8,300.00 for ESY 2016. Dkt. No. 42 at ECF p. 2-3. Additionally, she found that "transportation costs for the 2013-14, 2014-15 and 2015-16 school years are $3,201.68." Id. at ECF p. 3. She then recommended that any award to parents be reduced by $44,633.00 – the amount of Bravo Foundation scholarships awarded to A.K. and N.K. Id. at ECF p. 5. Judge Wells ultimately recommended that parents' motion for entry of judgment be granted and that

judgment be entered in their favor in the amount of $227,788.68.[2]  Dkt. No. 42.

The District then filed objections to the report and recommendation, Dkt. No. 43, which were denied.  Dkt. No. 47.  The Court entered judgment in favor of parents and against the District in the amount of $227,788.68.  Dkt. No. 47.  The District filed notices of appeal in the Court of Appeals for the Third Circuit in both actions, challenging the Court's November 30, 2015 decision and the final judgments entered against it.  Civ. A. 14-4910, Dkt. No. 50 and Civ. A. 14-4911, Dkt. No. 38.  Parents filed cross appeals.  Civ. A. 14-4910, Dkt. No. 53 and Civ. A. 14-4911, Dkt. No. 41.

## DISCUSSION

The District now asserts that it is entitled to an automatic stay of the Court's judgment in these actions under Rule 62(d) of the Federal Rules of Civil Procedure and contends that it is entitled to a stay without posting a supersedeas bond because the requirements of Rule 62(f) are met.  Dkt. No. 52 at ECF p. 5.  Rule 62(d) of the Federal Rules of Civil Procedure provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2)."  Fed. R. Civ. P. 62(d).  Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  Fed. R. Civ. P. 62(f).  The District asserts that "[u]nder 42 Pa. C.S.A. § 4203, a judgment becomes a lien upon the property of a judgment debtor."  Dkt. No. 52 at ECF p. 6.  It argues that "an appeal by a municipality from a money judgment in a state court acts as an automatic supersedeas" under Rule 1736(b) of the Pennsylvania Rules of Appellate Procedure and, "under

---

[2] Judge Wells also recommended that parents should be required to repay $110,000 out of the judgment awarded to them to Allen and Patricia Misher, A.K. and N.K.'s grandparents, a recommendation which I approved.

-4-

Rule 1736(a)(2), such a supersedeas does not require a bond." Dkt. No. 52 at ECF p. 6.  It thus contends that it "need not post a bond." because the School District is a "political subdivision." Id.  The District also argues that it is "entitled to a stay without security because the Pennsylvania Public School Code provides that the sole means to enforce a judgment against a school district is by writ of mandamus to the treasurer of the school district." Dkt. No. 52 at ECF p. 9, citing 24 P.S. § 6-611.

Parents respond that the Court's judgment obligates the District to pay A.K.'s and N.K.'s tuition at A Step Up Academy as a result of the "automatic preliminary injunction" required by the "stay-put" requirement of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(j),[3] and thus contend that the District's motion is governed by Rules 62(a)(1) and 62(c) of the Federal Rules of Civil Procedure, rather than Rules 62(d) and (f). Dkt. No. 55 at ECF p. 8-9. In relevant part, Rule 62(a)(1) provides that "the following are not stayed after being entered, even if an appeal is taken: . . . an interlocutory or final judgment in an action for an injunction or a receivership . . . ." Fed. R. Civ. P. 62(a)(1).  Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).

---

[3] IDEA provides that:

> during the pendency of any [appeal] proceedings, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).

The District has filed no response to parents' brief arguing that the stay-put rule defeats the District's request for a stay. Further, it makes no mention of the stay-put rule in its motions and. Instead, the District argues that "[j]udges in the Eastern District have granted stays of enforcement of judgments or final appealable orders without supersedeas bonds, upon filing an appeal . . . ." Dkt. No. 52 at ECF p. 8. However, none of the decisions cited by the District address the concerns implicated by IDEA's stay-put requirement. See E.C. v. Sch. Dist. of Phila., No. 13-6047, Dkt. No. 31 (E.D. Pa. Aug. 4, 2015); Wayne Moving & Storage of N.J., Inc. v. Sch. Dist. of Phila., and Sch. Reform Comm'n, No. 06-676, Dkt. No. 82 (E.D. Pa. Oct. 8, 2009); Damien J. v. Sch. Dist. of Phila., No. 06-3866 (E.D. Pa. Jun. 11, 2008); Mary Courtney T. v. Sch. Dist. of Phila., No. 06-2278, Dkt. No. 54 (E.D. Pa. Jan. 14, 2009); M.M. v. Sch. Dist. of Phila., No. 14-6061, Dkt. No. 34 (E.D. Pa. Dec. 15, 2015).

"Although this court's stay put order requires the [District] to pay money, it is not a money judgment." Marcus I. ex rel. Karen I. v. Dep't of Educ., No. 10-00381, 2012 WL 3686188, at *5 (D. Haw. Aug. 24, 2012). The Court of Appeals has explained that "IDEA's 'stay-put rule,' serves in essence, as an automatic preliminary injunction, . . . reflecting Congress's conclusion that a child with a disability is best served by maintaining her educational status quo until the disagreement over her IEP is resolved . . . ." M.R. v. Ridley Sch. Dist., 744 F.3d 112, 118 (3d Cir. 2014), cert. denied, 135 S. Ct. 2309, 191 L. Ed. 2d 977 (2015) (citations and internal quotation omitted); see also D.M. v. N.J. Dep't of Educ., No. 14-4620, 2014 WL 4271646, at *6 (D.N.J. Aug. 28, 2014) (holding the "stay-put protection is automatic under federal law. . . . And, . . . it is clear that a District Court can issue an injunction based on the stay-put provision of IDEA."). It follows that the District's "[m]otion fits most closely within Rule 62(c)" of the Federal Rules of Civil Procedure. A.D. ex rel. L.D. v. Dep't of Educ., Haw.,

No. 12-307, 2013 WL 85327, at *1 (D. Haw. Jan 7, 2013) (finding that the defendant's motion seeking a stay of enforcement of a stay-put order pending appeal should be considered under Rule 62(c)).

The stay-put rule represents a policy choice that "children should remain at their current placement until the dispute regarding their education reaches a final conclusion. This appears to include appeals pending before the Third Circuit." Ringwood Bd. of Educ. v. K.H.J. ex rel. K.F.J., 469 F. Supp. 2d. 267, 270 (D.N.J. 2006); see also Drinker by Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 (3d Cir. 1996) (explaining that the stay-put provision reflects "Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement *until the dispute with regard to their placement is ultimately resolved*") (emphasis added). "[S]taying the stay-put order would contravene the purpose of the stay-put statute." Marcus I. ex rel. Karen I. v. Dep't of Educ., No. 10-00381, 2012 WL 3686188, at *5 (D. Haw. Aug. 24, 2012). "Ultimately, refusing to enforce the stay put provision during the appeals process would force parents to choose between leaving their children in an education setting which potentially fails to meet minimum legal standards, and placing the child in private school at their own cost. Congress sought to eliminate this dilemma through its enactment of § 1415(j)." Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036, 1040 (9th Cir. 2009); see also Susquenita Sch. Dist. v. Raelee S. by & through Heidi S., 96 F.3d 78, 86 (3d Cir. 1996) ("the school district's financial responsibility should begin when there is an administrative or judicial decision vindicating the parents' position"); Bd. of Educ. of Oak Park & River Forest High Sch. Dist. No. 200 v. Illinois State Bd. of Educ., 10 F. Supp. 2d 971, 977 (N.D. Ill. 1998) ("To hold otherwise would mean that parents who could not afford a private placement would be forced to maintain their child in a public placement that an administrative

decision held to be inappropriate."). I will deny the District's motions to stay.

    An appropriate Order follows.