IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHOOL DISTRICT OF | : | CIVIL ACTION |
| PHILADELPHIA | : | NO. 14-4910 |
| | : | |
| v. | : | |
| | : | |
| ROBERT KIRSCH and KAREN MISHER, | : | |
| Parents of A.K., a minor | | |

| | | |
|---|---|---|
| SCHOOL DISTRICT OF | : | CIVIL ACTION |
| PHILADELPHIA | : | NO. 14-4911 |
| | : | |
| v. | : | |
| | : | |
| ROBERT KIRSCH and KAREN MISHER, | : | |
| Parents of N.K., a minor | | |

**MEMORANDUM AND ORDER**

Now before me in these consolidated civil actions[1] is a motion by defendants Robert

Kirsch and Karen Misher, parents of twin siblings A.K. and N.K seeking a "stay put"

preliminary injunction pursuant to the Individuals with Disabilities Education Act (IDEA),

20 U.S.C. § 1415(j). Dkt. No. 58. Parents seek to enforce this Court's Order entering judgment

against plaintiff the School District of Philadelphia[2] in the amount of $227,788.68, Dkt. No. 47,

and ask the Court to require immediate reimbursement of basic tuition costs paid for the 2016-17

school year and timely remittance of basic tuition payments in the future.[3] Plaintiff, the School

---

[1] Because of parallels between the documents filed in Civ. A. 14-4910 and Civ. A. 14-4911, citations to docket entries in this Opinion will be to documents docketed in Civ. A. No. 14-4910 unless otherwise noted. I note that although the caption of parents' motion lists both civil action numbers, parents did not file their motion in civil action No. 14-4911. The same is true of the District's opposition to the motion.

[2] The District is the local educational agency within the meaning of 20 U.S.C. § 1401(15) responsible for the provision of a free and appropriate public education (FAPE) to A.K. and N.K. See 22 Pa. Code. § 14.102(a0(2)(vii).

[3] By my Order of October 6, 2016, Civ. A. 14-4910, Dkt. Nos. 59 and 60 and Civ. A. 14-4911, Dkt. Nos. 46 and 47, I denied the motions of plaintiff the School District of

District of Philadelphia opposes parents' motion.  Dkt. No. 61.

A.K. and N.K. are students entitled to special education under IDEA, 20 U.S.C. § 1400,

et seq.  In accordance with my previous decisions in these actions, ASUA is the stay put

placement for A.K. and N.K.[4] and IDEA's stay put provision obligates the district "to fund the

twins' education at ASUA for the entirety of the 2013-14 school year. . . ."  Dkt. No. 22 at ECF

p. 37.  I have also found that "as with the 2013-14 school year, under IDEA's stay put

provision . . . parents are entitled to tuition reimbursement for the 2014-15 school year even if

the IEPs offered by the District for 2014-15 provided the twins with a FAPE."  Id. at ECF p. 41.

---

Philadelphia to stay execution pending appeal, Civ. A. 14-4910, Dkt. No. 52 and Civ. A. 14-4911, Dkt. No. 40, and the responses thereto of Civ. A. 14-4910, Dkt. No. 55 and Civ. A. 14-4911, Dkt. No. 43.  The District renewed its motion for a stay in the Court of Appeals for the Third Circuit, and the Court of Appeals denied the District's motion on December 2, 2016.  See, e.g. Philadelphia School District v. Kirsch, No. 16-3021, Document No. 003112479089 (3d Cir. Dec. 2. 2016).

[4]     The District argues that "there has been no change in the educational setting for the children during the pendency of these cases and appeals" and thus contends that "there is no need for a stay-put injunction."  Dkt. No. 61 at ECF p. 3.  I disagree.  As I have previously explained,

> an administrative ruling validating the parents' decision to move their child from an IEP-specified public school to a private school will, in essence, make the child's enrollment at the private school her "then-current educational placement" for purposes of the stay-put rule.  Having been endorsed by the State, the move to private school is no longer the parents' unilateral action, and the child is entitled to "stay put" at the private school for the duration of the dispute resolution proceedings.

M.R. v. Ridley Sch. Dist., 744 F.3d 112, 119 (3d Cir. 2014), cert. denied, 135 S. Ct. 2309, 191 L. Ed. 2d 977 (2015); see also Dkt. No. 29 at 36-37.  Thus, I held that "[t]he Hearing Officer's decisions that the District did not offer appropriate IEPs at the beginning of the 2013-14 school year effectively endorse parents' initial decision to enroll the twins at ASUA and makes ASUA the twins' pendent placement for purposes of § 1415(j)."  Dkt. No. 29 at 36-37, citing Dist. of Columbia v. Oliver, 991 F. Supp. 2d 209, 214 (D.D.C. 2013) ("Where, as here, no IEP has been prepared or implemented, the 'current educational placement' will be the place where the child is actually receiving instruction at the time the dispute arises, provided there has been some sort of administrative determination that the location is appropriate.").

Finally, "I agree[d] with parents that IDEA's stay put provision obligates the District to continue to reimburse parents for the twins' tuition until their claims with respect to the 2013-14 and 2014-15 school years are resolved."[5]  Id. at ECF p. 45.  Accordingly, the District was previously ordered "to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from September 2013 to December 2013" and "to reimburse parents for the basic costs of A.K. and N.K.'s tuition and transportation at A Step Up Academy from December 2013 *through the exhaustion of all appeals* from the decisions of the Hearing Officer."  Dkt. No. 30 (emphasis added).

The Court of Appeals has explained that "IDEA's 'stay-put rule,' serves in essence, as an automatic preliminary injunction, . . . reflecting Congress's conclusion that a child with a disability is best served by maintaining her educational status quo until the disagreement over her IEP is resolved . . . ."  M.R. v. Ridley Sch. Dist., 744 F.3d 112, 118 (3d Cir. 2014), cert. denied, 135 S. Ct. 2309, 191 L. Ed. 2d 977 (2015) (citations and internal quotation omitted).  "[T]he district's financial obligations with respect to the pendent placement are immediate and may not be deferred until the close of litigation."  Susquenita Sch. Dist. v. Raelee S. by & through Heidi S., 96 F.3d 78, 86 (3d Cir. 1996).

---

[5]     It is arguable that the Hearing Officer's decisions limit her findings that ASUA was the appropriate placement to a "definite time period" – the period between September and December 2013, when she found the District's offered IEPs were sufficient to deliver a FAPE to the twins.  But, as I explained previously

> neither IDEA nor any Third Circuit precedent provide for limiting the reimbursement due to parents under the stay-put provision in the unique circumstances now before me, where the hearing officer's decision validates the parents' decision to initially enroll the twins at ASUA, but also finds that the twins' were not entitled to remain at the private placement after the District offered sufficient IEPs.

Dkt. No. 29 at ECF p. 38 n.29.

The Court has already entered judgment in favor of parents and against the District in the amount of $227,788.68, which is the basic tuition due pursuant to 20 U.S.C. § 1415(j) for September 2013 through August 2016.  Dkt. No. 47.  Parents now contend that "ASUA requires an annual, irrevocable contract for both twins" in order "[t]o preserve the children[s'] placement for the coming school year."  Dkt. No. 58 at ECF p. 6-8.  Parents assert that the basic tuition for A.K. and N.K. at A Step Up Academy (ASUA) for the 2016-2017 school year is $45,000 per child[6] (or a total of $90,000).  Id. at ECF p. 5.  A.K. and N.K.'s grandparents have already remitted $38,300 per child to ASUA for the 2016-2017 school year (or a total of $76,600).  Id.  Payments remain due to ASUA in the amount of $6,700 per child (or a total of $13,400) for the balance of the amount due attributable to basic tuition.[7]  Parents seek reimbursement of the $76,600 paid for basic tuition for the 2016-17 school year to date.  In addition, parents seek an order requiring payment of the balance due of "basic tuition" to ASUA for A.K. and N.K. for the 2016-17 school year (i.e., $13,400).

The District contends that the motion to enforce the judgment is unnecessary because parents "have an adequate remedy at law to enforce the judgment[ ] if the denial of the stay is not vacated or reversed and the judgment is not paid."  Dkt. No. 61 at ECF p. 3.  It asserts that parents' request for an injunction requiring immediate payment for the current year's tuition is premature and unnecessary.  Id.  I disagree.  Because 20 U.S.C. § 1415(j) operates as an automatic preliminary injunction, defendants are entitled to an Order enforcing the District's obligation to continue funding A.K. and N.K.'s placement at ASUA without meeting the usual

---

[6]    Full tuition for each child for the 2016-17 school year is $77,600 per child, of that $45,000 is attributable to "basic tuition" as defined by the Hearing Officer and the Court.  Dkt. No. 58-1 at ECF p. 2.

[7]    To cover the full tuition due, a balance of $39,300 for each twin is due on or before January 1, 2017.  Dkt. No. 58-1 at ECF p. 8.

prerequisites for injunctive relief.  See Ringwood Bd. of Educ. v. K.H.J. ex rel. K.F.J., 469 F. Supp. 2d. 267, 271 (D.N.J. 2006) ("the usual analysis used to determine if injunctive relief is warranted does not apply when the stay put provision applies").

Accordingly, on this 6th day of December, 2016, it is ORDERED that the motion for a preliminary injunction by parents Robert Kirsch and Karen Misher is GRANTED as follows:

1.  Plaintiff the School District of Philadelphia shall, within 30 days from the date of this Order, remit $304,388.68 to parents ($227,788.68 of which is the basic tuition due pursuant to 20 U.S.C. § 1415(j) for September 2013 through August 2016 and $76,600 of which is the amounts paid to date for basic tuition for the 2016-17 school year);

2.  Plaintiff the School District of Philadelphia shall, on or before January 1, 2017, remit $13,400 to A Step Up Academy for the remaining basic tuition due for the 2016-17 school year.

3.  Defendants shall repay to Alan and Patricia Misher $186,000 upon receipt of reimbursement from the District.

4.  During the pendency of all appeals in this matter plaintiff the School District of Philadelphia shall continue to make payments to A Step Up Academy in the amounts due for basic tuition for A.K. and N.K. on or before the dates such basic tuition is due.

                                        s/Thomas N. O'Neill, Jr.
                                    THOMAS N. O'NEILL, JR., J.